IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JAMES E. SLATE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:05CV221 |
| JOHN E. POTTER, Postmaster General of the United States Postal Service, JEFFREY F. PEROTTA, Labor Relations Manager, and ROY L. MONTAGUE, High Point Postmaster, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment [Document #13] and Plaintiff's Motion for Partial Summary Judgment [Document #17]. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment [Document #17] will be DENIED. Defendants' Motion to Dismiss [Document #13] will be GRANTED IN PART. However, to the extent that Plaintiff contends that he was discriminated and/or retaliated against because he should have remained on the Postal Service's rolls while his administrative appeals were pending, that claim will not be dismissed and will be consolidated with Case Number 1:04CV782 for initial consideration by the Magistrate Judge.

I.   FACTUAL BACKGROUND

Plaintiff James E. Slate ("Plaintiff") was previously employed as a letter carrier at the High Point, North Carolina Post Office. Following letter warnings and a Notice of Proposed Removal, Plaintiff was ultimately removed from his position effective August 4, 2000. Plaintiff alleges that his removal constituted discrimination on the basis of disability, age, and retaliation. Plaintiff apparently pursued three separate administrative appeals contesting his removal. *First,* Plaintiff filed several complaints before the Equal Employment Opportunity Commission ("EEOC"). The EEOC ultimately issued a ruling against Plaintiff on January 8, 2003, concluding that he was not disabled and the he had not proved discrimination based on age or retaliation with respect to his removal. On September 4, 2003, the Office of Federal Operations ("OFO") refused to hear Plaintiff's appeal of that EEOC decision. *Second,* Plaintiff pursued the grievance-arbitration procedure provided through his Union pursuant to a collective bargaining agreement. An arbitration hearing was held on June 1, 2001, and on June 25, 2001, the arbitrator upheld Plaintiff's removal. *Finally,* Plaintiff pursued an appeal before the Merit Systems Protection Board ("MSPB") regarding his removal. The MSPB initially concluded that Plaintiff had elected to pursue arbitration and had failed to properly pursue his appeal before the MSPB. However, the MSPB later reversed itself and, on July 25, 2002, allowed Plaintiff to pursue his MSPB appeal with respect to his removal. However, on March 19, 2003, the MSPB ultimately ruled against Plaintiff, finding no discrimination and upholding Plaintiff's termination. Plaintiff sought review of the MSPB decision before the OFO, and on July 28, 2004, the OFO issued a decision

2

concurring with the MSPB and finding no discrimination by the Postal Service in its removal of Plaintiff. Plaintiff thereafter filed a civil action in this Court seeking judicial review of these administrative decisions and of his discrimination claims with respect to his removal. That case is presently pending as a separate action in this Court designated as Case Number 1:04CV782.

In addition to the proceedings described above related to Plaintiff's initial removal, Plaintiff contends that additional, separate discrimination and retaliation occurred against him in February, March, and April 2003. Specifically, Plaintiff contends he was discriminated and/or retaliated against when Defendants moved for dismissal of his MSPB appeal and offered witnesses and arguments at the MSPB hearing. Plaintiff also contends that he was discriminated against when Defendants refused his settlement offers and failed to negotiate a settlement with him. Finally, Plaintiff contends that he was discriminated or retaliated against when Defendants refused his request to be returned to the agency rolls during the pendency of his administrative appeals. As a result, Plaintiff initiated contact with an EEO Counselor on February 20, 2003, and filed a separate EEOC charge on April 23, 2003 related to the alleged events from February to April 2003. The EEOC dismissed Plaintiff's April 23, 2003 charge. Plaintiff appealed that EEOC decision to OFO, and OFO ultimately dismissed Plaintiff's appeal of that EEOC decision. Plaintiff then filed the present lawsuit pursuant to Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, contending that Defendants discriminated and/or retaliated against him by these actions in early 2003. (Complaint at 3-4.)

Defendants have moved to dismiss Plaintiff's present claims in this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and Rule 56 based on their contention that Plaintiff's claims are untimely because the last possible employment action occurred on August 4, 2000 when Plaintiff was removed from his position. Defendants further contend that their actions in failing to settle the case and attempting to defend the administrative proceedings were not adverse employment actions and as such, Plaintiff fails to state a claim. Finally, Defendants contend that the individual Postal Service employees named in Plaintiff's Complaint in this case are not proper Defendants. To the extent any of Plaintiff's claims are not dismissed, Defendants request that this case be consolidated with the prior pending lawsuit between the parties, Case Number 1:04CV782.

For his part, Plaintiff likewise has moved for summary judgment, contending that he is disabled and was not accommodated. Plaintiff further contends that he was discriminated and/or retaliated against when Defendants moved for dismissal of his MSPB appeal and offered witnesses and arguments at the MSPB hearing, when Defendants refused his settlement offers, and because Defendants refused to return him to the agency rolls after the MSPB allowed his appeal and while the MSPB proceedings were pending. The Court will consider the Motions to Dismiss in turn.

## II. DEFENDANTS' MOTION TO DISMISS

As an initial matter, Defendants correctly note that Individual Defendants Jeffrey Perotta (Labor Relations Manager) and Roy Montague (High Point Postmaster) are not proper Defendants in this suit, and in fact, the Postmaster General is the only proper Defendant in this

4

suit. See 42 U.S.C. § 2000e-16; Mahoney v. United States Postal Service, 884 F.2d 1194 (9th Cir. 1989); Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir. 1986); Lockhart v. United States, 961 F. Supp. 1260, 1265 (N.D. Ind.), aff'd, 129 F.3d 1267 (7th Cir. 1997). Therefore, Defendants' Motion to Dismiss as to Defendants Perotta and Montague will be granted, and all claims against Defendant Jeffrey Perotta and Defendant Roy Montague will be dismissed. As a result, the Court's remaining discussion relates only to Defendant John E. Potter as the Postmaster General of the United States Postal Service ("Defendant").

With respect to Plaintiff's discrimination claims, the Court notes that Plaintiff apparently brings claims in the present case for discrimination and/or retaliation based on three separate categories of activity by Defendant: (1) Defendant's initial decision to remove him from his position and alleged failure to accommodate his disability; (2) Defendant's actions defending itself during the administrative proceedings and refusal to settle with him in 2003; and (3) Defendant's failure to return him to the agency rolls during the pendency of the administrative proceedings. The Court will therefore consider Defendant's Motion to Dismiss as it relates to these three categories of claims.

As to the first category of claims related to Plaintiff's initial removal from his position or failure to accommodate his alleged disability, the Court notes first that those claims would be duplicative of the claims already pending in this Court in Case Number 1:04CV782, and for that reason would not be reconsidered here. In addition, to the extent that Plaintiff made contact with an EEO Counselor on February 20, 2003, that contact occurred over two years after

5

Plaintiff's employment was terminated or any alleged lack of accommodation occurred. See 42 U.S.C. § 2000e-16; Brown v. General Serv. Administration, 425 U.S. 820, 832, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976); 29 C.F.R. § 1614.105(a)(1) (requiring aggrieved parties to initiate contact with an EEO Counselor "within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action"). Therefore, any claim in this case related to Plaintiff's initial removal from his position or failure to accommodate his alleged disability will be considered as part of the pending action in 1:04CV782, and will be dismissed from the present suit as time-barred.

In addition, as to the second category of claims, Defendant correctly notes that its actions defending the MSPB appeal and its refusal to accept Plaintiff's settlement offers would not be a separate basis for a discrimination suit. Defendant's refusal to settle Plaintiff's underlying discrimination claims and Defendant's efforts to defend itself at the MSPB hearing are not adverse employment actions. See Burlington Indus. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998). Plaintiff was not an aggrieved employee by virtue of these failed settlement negotiations or the actions by Defendant presenting witnesses or filing motions during the MSPB appeal. Therefore, the Court concludes that Plaintiff has failed to state a claim with respect to these contentions regarding Defendant's actions in the MSPB proceeding and Defendant's refusal to settle Plaintiff's underlying claims.

However, the Court notes that as to the last category of claims, Plaintiff apparently contends that the agency failed to follow its own regulations and/or collective bargaining

agreement when it failed to return him to the rolls while his administrative appeals were pending. Plaintiff further contends that this action by Defendant was motivated by discrimination and/or retaliation and supports a separate, actionable claim against Defendant. With regard to this assertion, Article 16.5 of the relevant collective bargaining agreement provides that in the event of discharge, "the employee shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement with the Union or through exhaustion of the grievance-arbitration procedure. A[n] eligible [employee] who chooses to appeal . . . his/her discharge to the Merit Systems Protection Board (MSPB) rather than through the grievance-arbitration procedure shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement or through exhaustion of his/her MSPB appeal." (Def.'s Ex. 24.)

In the present case, Plaintiff remained on the agency rolls until June 25, 2001, when the arbitrator ruled against him, which apparently marked the "exhaustion of the grievance-arbitration procedure." However, Plaintiff belatedly attempted to pursue an appeal before the MSPB in lieu of the grievance-arbitration procedure. The MSPB ultimately waived his late filing and allowed his appeal. Because Plaintiff apparently chose to appeal his removal to the MSPB, Plaintiff contends that the MSPB's decision to allow the prosecution of that appeal would entitle Plaintiff to remain on the agency rolls while those administrative proceedings continued. Notwithstanding Plaintiff's claims that he should have remained on the agency rolls while his administrative appeals were pending, Defendant notes that this "is purely a contractual matter that the EEOC has no jurisdiction to review." (Def.'s Memorandum [Document #14] at 7.)

7

However, at this stage in the case in considering Defendant's Motion to Dismiss, and taking Plaintiff's allegations as true, the Court notes that Plaintiff has alleged that he was entitled to be returned to the agency rolls under the terms of the collective bargaining agreement once the MSPB accepted his appeal. Defendant, however, has not addressed in any manner whether its action in refusing to return Plaintiff to the agency rolls could constitute an actionable adverse employment action affecting a term or condition of Plaintiff's employment.

Rather than attempting to resolve this issue at this time, the Court notes again that Plaintiff has filed a separate discrimination lawsuit regarding his removal, Case Number 1:04CV782. The Court concludes that Plaintiff's claim in the present suit, that he was discriminated or retaliated against when Defendant refused to return him to the agency rolls, should be considered and resolved together with Plaintiff's underlying discrimination suit. Therefore, Plaintiff's claim that he should have remained on the agency rolls while his administrative appeals were pending will not be dismissed on Defendant's present Motion to Dismiss before this Court. Instead, the Court will consolidate this remaining claim with Case Number 1:04CV782 for further consideration in conjunction with the claims and issues raised in that case. Therefore, the Court concludes that Defendant's Motion to Dismiss with respect to Plaintiff's potential claim for retaliation and discrimination in failing to keep him on the agency rolls will be denied without prejudice to Defendant filing a subsequent Motion for Summary Judgment as to this remaining claim for consideration by the Magistrate Judge together with the pending motions in 1:04CV782.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Finally, the Court notes that Plaintiff has also moved for summary judgment as to his discrimination claims. However, Plaintiff has failed to establish entitled to judgment as a matter of law with respect to any discrimination claim or any other claim. Therefore, Plaintiff's Motion for Summary Judgment [Document #17] will be DENIED.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Partial Summary Judgment [Document #17] will be DENIED. Defendants' Motion to Dismiss [Document #13] will be GRANTED as to Defendants Perotta and Montague, and all claims against Defendant Jeffrey Perotta and Defendant Roy Montague will be DISMISSED. However, with respect to Plaintiff's claim that was discriminated and/or retaliated against because he should have remained on the agency rolls while his administrative appeals were pending, Defendants' Motion to Dismiss [Document #13] will be DENIED without prejudice to Defendant moving for summary judgment with respect to that claim in light of the issues noted herein. IT IS FURTHER ORDERED that this case be CONSOLIDATED with Case Number 1:04CV782 for further consideration by the Magistrate Judge in conjunction with the claims and issues raised in that case.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 23rd day of February, 2006.

                                                            /s/ James A. Beaty
                                                            United States District Judge